**CHUN RONG HUANG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–2618–ag.

United States Court of Appeals,
Second Circuit.

Jan. 9, 2007.

Thomas V. Massucci, New York, New York, for Petitioner.

Paul I. Perez, United States Attorney for the Middle District of Florida, Tamra Phipps, Susan H. Rothstein–Youakim, Assistant United States Attorneys, Tampa, Florida, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER, Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Chun Rong Huang, a native and citizen of the People's Republic of China, seeks review of a May 12, 2006 order of the BIA denying his motion to reopen his removal proceedings. *In re Chun Rong Huang*, No. A72 020 583 (B.I.A. June 8, 2005). Previously, the BIA had affirmed the March 8, 2001 decision of Immigration Judge ("IJ") Douglas Schoppert denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chun Rong Huang*, No. A72 020 583 (B.I.A. Dec. 4, 2002), *aff'g* No. A72 020 583 (Immig. Ct. N.Y. City Mar. 8, 2001). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.*

The BIA did not abuse its discretion in denying Huang's motion, to the extent that he requested reopening, because he failed to establish that the evidence he submitted was either material or previously unavailable. *See* 8 C.F.R. § 1003.2(a). In finding Huang not credible and denying his claim, the IJ had noted several inconsistencies in his testimony and further noted that he had failed to submit any statement from his wife. The BIA had affirmed that determination on appeal. While Huang suggested in his 2006 motion that his former attorney had lost a prior statement from his wife, which he had intended to submit at his 2001 hearing, we note that during that hearing, Huang denied ever requesting a statement from his wife. Huang failed to explain why no statement could have been filed earlier, and moreover, the letter he ultimately submitted reasonable could be seen as not material, when his wife did not allege any new facts or clarify any of the discrepancies leading to the IJ's adverse credibility determination in 2001. Therefore, the BIA acted within its discretion in considering the adverse credibility finding unrebutted, and consequently, finding that Huang had failed to establish either a prima facie case for relief or that he merited asylum as a matter of discretion. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Even assuming the BIA erred in failing to address Huang's argument that the IJ's alternate reason for denying asylum—that he no longer had a well-founded fear of persecution under the family planning policy—was no longer valid, in light of the BIA's decision in *Matter of Y–T–L–*, 23 I. & N. Dec. 601 (B.I.A.2003), the outstanding adverse credibility finding would nonetheless prevent him from meeting his burden.

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).